Filed 9/19/23  In re Ruby S. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re RUBY S., a Person Coming Under the Juvenile Court Law. | B320976 (Los Angeles County Super. Ct. No. 20CCJP06769A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> VICTOR S., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Robin R. Kesler, Judge Pro Tempore. Dismissed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

———————————————

Appellant Victor S. (father) appeals from the juvenile court's order terminating reunification services for him and his daughter, Ruby S. (born Oct. 2019).  Over nine months after father filed this appeal, the juvenile court terminated his parental rights over Ruby; father did not appeal from that order.  Accordingly, we dismiss father's appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2020, the Los Angeles County Department of Children and Family Services (DCFS) received a referral alleging that Ruby was being neglected and emotionally abused by father and her mother (mother).[1]

In December 2020, DCFS filed a petition under section 300 of the Welfare and Institutions Code alleging, among other things, that the parents "ha[d] a history of engaging in violent altercations in [Ruby's] presence[,]" and that father failed to protect Ruby from mother.[2]  In January 2021, after father tested

[1]    Mother is not a party to this appeal.

[2]    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

positive for marijuana, DCFS amended the section 300 petition to allege that father's drug use "render[ed] [him] incapable of providing care for" Ruby.

In October 2021, the juvenile court sustained the amended petition, removed Ruby from parental custody, and ordered reunification services and monitored visitation for father. Ruby was placed with her maternal great-grandparents.

At the six-month review hearing, the juvenile court found that father had not substantially complied with his case plan. Father failed to show at every drug test DCFS scheduled for him; he did not enroll in required services; he expressed unwillingness to take psychotropic medication; and he avoided regular contact with social workers. Maternal great-grandparents reported that father only visited Ruby once between July 2021 and March 2022. Over father's objections, the juvenile court terminated his reunification services.

Father timely appealed.

In February 2023, the juvenile court terminated father's parental rights over Ruby.[3]

## DISCUSSION

DCFS asks us to dismiss father's appeal as moot. After considering both parties' briefs, we grant the motion to dismiss.

"As a general rule, appellate courts decide only actual controversies. Thus, 'it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.' [Citation.]" (*In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158.)

---

[3] We grant DCFS's request to take judicial notice of the order terminating father's parental rights.

By statute, "[a]ny order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the child[] [and] upon the parent . . . . After making the order, the juvenile court shall have no power to set aside, change, or modify it." (§ 366.26, subd. (i)(1).) Accordingly, when a parent does not appeal an order terminating parental rights, prior juvenile court errors are rendered moot. (See *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315–1317 [a mother's appeal from the denial of a hearing on her section 388 petition was moot because she did not appeal the subsequent order terminating her parental rights, ensuring that reversal of prior orders would be futile].)

Applying these principles, we must conclude that this appeal does not present a justiciable controversy. Father did not challenge the order terminating his parental rights, and that order has long since become final. Any reversal of prior orders, including the order terminating reunification services, would be a futile act; therefore, this appeal is moot.

Father resists this conclusion, arguing that the appeal is not moot because a "controversy remains and the errors infected all later proceedings." Father's argument relies heavily on *In re D.P.* (2023) 14 Cal.5th 266, but that case is inapposite. (*Id.* at p. 283 [holding that "when a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal, the case is not moot, and merits review is required. When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless"].)

We note that, in *In re D.P.*, our Supreme Court reiterated that "[a] case becomes moot when events "'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to

grant him any effect[ive] relief.'" [Citation.]" (*In re D.P., supra,* 14 Cal.5th at p. 276.) "For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*) In arguing that his appeal is not moot, father completely ignores the second element of this test. He does not suggest how we can provide any redress for the errors he identifies, considering that he failed to appeal from the subsequent order terminating parental rights. That failure ultimately forecloses father's appeal from the juvenile court's prior order terminating reunification services.

Father also cites to *In re Samuel A.* (2021) 69 Cal.App.5th 67, in which our colleagues in Division One vacated an order terminating parental rights to resolve a mother's appeal of a prior order appointing her a guardian ad litem. That case is readily distinguishable from father's appeal. The *Samuel A.* court noted that the challenged appointment of a guardian ad litem resulted in mother being "prohibited from communicating directly with counsel purportedly representing her" at the permanency planning hearing (*id.* at p. 81, fn. 8); this could have affected not just her "right to actively participate" in the hearing (*id.* at p. 82), but also her ability to timely appeal from the exit orders issued at that hearing. Father, who was represented by counsel throughout these proceedings, does not argue that any comparable impediment prevented him from appealing the order terminating his parental rights.

5

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT